UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN K.,<br><br>Petitioner,<br><br>v.<br><br>CORE CIVIC,<br><br>Respondent. | No. 1:26-cv-07844-MKD<br><br>A# 292-292-921<br><br>ORDER DENYING PETITION FOR HABEAS CORPUS |

Petitioner, an immigration detainee at California City Detention Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Respondent filed an opposition on October 6, 2026. ECF No. 6. Petitioner did not file a reply by the October 20, 2026, deadline. For the reasons discussed below, the Court denies the Petition.

**BACKGROUND**

Petitioner, a native of Ethiopia and citizen of Somalia, became a lawful permanent resident on October 8, 2009. ECF No. 6-2 at 1. On February 10, 2026, he was convicted of misdemeanor retail theft. *Id.* On March 13, 2026, he was

convicted of misdemeanor retail theft from a prohibited merchant. *Id.* at 4. The Department of Homeland Security charged Petitioner with removability under 8 U.S.C. § 1227(a)(2)(A)(ii), alleging that these convictions constituted two crimes involving moral turpitude not arising from a single scheme of criminal misconduct. *Id.* at 4.

Petitioner has been in immigration custody since June 2026. ECF No. 1 at 4. On August 19, 2026, an immigration judge found Petitioner removable as charged based on his admissions and concessions and ordered his removal to Ethiopia or Somalia. ECF No. 6-3 at 1. The order indicates that Petitioner waived appeal. *Id.* at 2. Petitioner nevertheless submitted an appeal to the Board of Immigration Appeals. In a notice dated September 25, 2026, the BIA acknowledged receiving his appeal on September 14, 2026. ECF No. 6-4 at 1.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.*N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, the Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**DISCUSSION**

Petitioner identifies his immigration detention and administrative appeal but marks each ground for relief "N/A" and provides no supporting facts. ECF No. 1 at 4-7. Nevertheless, the Court liberally construes the Petition as challenging the legality of his continued detention.

Respondent contends that Petitioner's removal order became administratively final on August 19, 2026, when he waived appeal. ECF No. 6 at 1-2. If the order became final on that date, Petitioner remains within the ninety-day removal period, during which detention is mandatory. 8 U.S.C. § 1231(a)(1)(A), (a)(1)(B)(i), (a)(2)(A). However, the Court need not determine whether Petitioner's subsequent BIA appeal prevented administrative finality because the record also supports Respondent's alternative reliance on 8 U.S.C. § 1226(c)(1)(B). ECF No. 6 at 1 n.2.

Section 1226(c)(1)(B) requires detention of noncitizens who are deportable

under specified criminal grounds, including § 1227(a)(2)(A)(ii). Petitioner was charged under that provision based on his two retail theft convictions, and the immigration judge found him removable as charged based on his admissions and concessions. ECF No. 6-2 at 1, 4; ECF No. 6-3 at 1. Petitioner does not challenge the findings supporting his detention under § 1226(c).

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Petitioner has been detained for approximately four months and identifies no unreasonable delay or other circumstances establishing that his continued detention violates due process. On the record presented, Petitioner has not established that his detention violates federal law.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DENIED without prejudice**.

2. The transfer restriction, **ECF No. 5**, is **VACATED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Respondent and **CLOSE** this case.

DATED October 29, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE